Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 351-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                           Case No.: 22-41064-ESS

Armando Daccordo *aka Armando D'Accordo*,                  Chapter 7

Debtor.
-------------------------------------------------------X

## MOTION TO CONVERT A CHAPTER 7 CASE
## TO ONE UNDER CHAPTER 11 PURSUANT TO 11 U.S.C. § 706(a)

**TO THE HONORABLE ELIZABETH S. STONG,**
**UNITED STATES BANKRUPTCY JUDGE:**

The Debtor, Armando Daccordo *aka Armando D'Accordo* (hereinafter, the "Debtor"), by his counsel, Alla Kachan, Esq. of the Law Offices of Alla Kachan, P.C., requests hereby that the above-captioned chapter 7 case be converted to one under chapter 11, pursuant to 11 U. S. C. § 706(a), and in support thereof avers as follows:

1. On May 17, 2022, (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition with this Court for relief under chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code"). *ECF Doc. No. 1*.

2. This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334. Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

3.   Pursuant to 11 U.S.C. § 706(a), "the debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title." *11 U.S.C. § 706(a).*

4.   Further, under section 706(d), "notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter." *11 U.S.C. § 706(d).*

5.   Legislative history indicates that "the policy of the provision is that the debtor should always be given the opportunity to repay his debts, and a waiver of the right to convert a case is unenforceable." *In re Carrow, 315 B.R. 8, 14 (Bankr. N.D.N.Y. 2004).* In *Kuntz*, the court also noted there is a "clear Congressional preference for allowance of conversion by a debtor for debt repayment." *In re Kuntz, 233 B.R. 580, 582 (B.A.P. 1st Cir. 1999) (citing Martin v. Martin (In re Martin), 880 F.2d 857, 859 (5th Cir. 1989)); see also Marrama v. Citizens Bank of Mass., 549 U.S. 365, 374 (2007).*

6.   There is considerable debate whether a debtor has the "absolute" right to convert a Chapter 7 case to a case under another chapter. *See Carrow, 315 B.R. at 12.* The first view gives the court no authority to deny conversion based on any other factors other than those explicitly stated in section 706, specifically that the debtor has not previously converted the case and the debtor would qualify as a debtor under the new chapter. *Id.* The second view, which the Second Circuit seems to favor, is that while debtor's right to convert is presumptive and nearly absolute, a bankruptcy court must still determine whether conversion is appropriate pursuant to the overall purpose and policy of the Bankruptcy Code, and that the decision remains within the court's discretion. *See In re Krishnaya, 263 B.R. 63, 69 (Bankr. S.D.N.Y. 2001); In re Marcakis, 254 B.R. 77, 82 (Bankr. E.D.N.Y. 2000).*

7. Further, courts seem to hold that the power to deny conversion should be used sparingly, and the court should deny the right to convert only for lack of statutory qualification or extreme circumstances. *See Krishnaya, 263 B.R. at 69; Kuntz, 233 B.R. at 583 (citing Martin, 880 F.2d at 859)*. "Extreme circumstances" may include abuse of the bankruptcy process, bad faith, or other gross inequity. *In re Young, 269 B.R. 816, 824 (Bankr. W.D. Mo. 2001)*. Denial of a motion to convert is also warranted when there is no purpose to be served by the conversion and it is demonstrably clear that the debtor will not be able to propose a feasible plan and conversion would thus be an "exercise in futility," or the debtor will not obtain any relief as a result of the order. *Id. (citing In re Lilley, 29 B.R. 442, 443 (B.A.P. 1st Cir. 1983); In re Safley, 132 B.R. 397, 399–400 (Bankr. E.D. Ark. 1991))*. The other view is a "totality of the circumstances test." *Carrow, 315 B.R. at 12*. Bankruptcy courts have enumerated a number of factors that may be considered in determining whether to allow conversion of a Chapter 7 case to a case under Chapter 13, which factors are also applicable to conversion to a case under Chapter 11:

(1) Whether the conversion is sought in good faith;

(2) Whether the debtor can propose a confirmable plan;

(3) The impact on the debtor of denying conversion weighed against the prejudice to creditors caused by allowing conversion;

(4) The effect of conversion on the efficient administration of the bankruptcy estate, including the likelihood of reconversion to Chapter 7;

(5) Whether conversion would further abuses of the bankruptcy process and would serve to pervert, rather than implement, congressional policy.

*Young, 269 B.R. at 825 (citing In re Pakuris, 262 B.R. 330, 335–36 (Bankr. E.D. Pa. 2001))*. Gh

8. This motion to convert is certainly filed in good faith, seeking to accomplish the Debtor's intent to achieve a workout plan with the mortgage lender of his mixed use property under Chapter 11. Further, the conversion of the instant case to one under Chapter 11, will allow the Debtor to afford statutory treatment to the claim of the Department of Treasury, engage in loss mitigation on his primary residence, and address the arrears on his Pennsylvania property.

9. In the instant case, the Debtor satisfies the statutory qualifications under section 706(a) and 706(d). This is Debtor's first request to convert the case, and the Debtor would qualify as a debtor under Chapter 11.

10. Furthermore, the conversion of the case would not be an exercise in futility, as the Debtor is likely to be able to reorganize effectively, achieve mortgage modifications and workouts, as well as propose a feasible payment plan to the Department of Treasury. The Debtor receives a substantial union pension and Social Security payments, as well as monthly rent of $1,200. He is also seeking to rent another unit in the mixed use property located in Brooklyn, and contemplates returning to union work. The Debtor had originally retired to take care of his ailing spouse. Unfortunately, his spouse passed away a year ago, and the Debtor now intends to return to union work part time. The conversion is likely to be in the best interest of the creditors, as a work out will incorporate a reinstatement of the loans, and commencement of mortgage and loan payments.

11. Commercial loan workouts and loan modifications, in the instant case, would form a basis for a confirmable Chapter 11 Plan, as well as a payment plan to be proposed for the treatment of Department of Treasury claims. In sum, the loss mitigation on the primary residence would lower the monthly payments, and allow the loan to be reinstated, while the additional rental income and possible union employment income, would assure timely workout payments.

12. For the foregoing reasons, it is unlikely that the conversion to Chapter 11 would result in a reconversion to chapter 7. Furthermore, the conversion is sought to further, not thwart the Congressional policy, and is certainly not abusive of the bankruptcy process.

13. Since this case can likely be more efficiently administered under chapter 11, the Debtor now respectfully requests that this Court enter an Order converting this chapter 7 case into one under chapter 11.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order converting the Debtor's chapter 7 case to a case under chapter 11, and for such other relief which the Court deems just and proper.

Dated: Brooklyn, New York
July 20, 2022

/s/Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 351-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                          Case No.: 22-41064-ESS

    Armando Daccordo *aka Armando D'Accordo*,        Chapter 7

                                  Debtor.
-------------------------------------------------------------X

## AFFIRMATION IN SUPPORT OF DEBTOR'S MOTION TO CONVERT A CHAPTER 7 CASE TO ONE UNDER CHAPTER 11 PURSUANT TO 11 U.S.C. § 706(a)

       The Debtor, Armando Daccordo *aka Armando D'Accordo* ("Debtor") by undersigned counsel, Alla Kachan, of the Law Offices of Alla Kachan, P.C., respectfully requests that the above-captioned chapter 7 case be converted to one under chapter 11, pursuant to 11 U. S. C. § 706(a), and in support thereof avers as follows:

       1.     This Court has jurisdiction over this proceeding under chapter 11 of the Bankruptcy Code, pursuant to 28 U.S.C. §§151, 157 and 1334. Venue in this Court is proper, pursuant to 28 U.S.C. §§ 1408 and 1409.

       2.     I am the attorney for the Debtor in the above-captioned case and after the review of the Debtor's documents and having discussed at length with the Debtor, am fully familiar with the facts therein.

       3.     On May 17, 2022, (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition with this Court for relief under chapter 7 of title 11, United States Code, 11

U.S.C. §§ 101 et seq. ("Bankruptcy Code"). *ECF Doc. No. 1.*

4. This motion to convert is certainly filed in good faith, seeking to accomplish the Debtor's intent to achieve a workout plan with the mortgage lender of his mixed use property under Chapter 11. Further, the conversion of the instant case to one under Chapter 11, will allow the Debtor to afford statutory treatment to the claim of the Department of Treasury, engage in loss mitigation on his primary residence, and address the arrears on his Pennsylvania property.

5. In the instant case, the Debtor satisfies the statutory qualifications under section 706(a) and 706(d). This is Debtor's first request to convert the case, and the Debtor would qualify as a debtor under Chapter 11.

6. Furthermore, the conversion of the case would not be an exercise in futility, as the Debtor is likely to be able to reorganize effectively, achieve mortgage modifications and workouts, as well as propose a feasible payment plan to the Department of Treasury. The Debtor receives a substantial union pension and Social Security payments, as well as monthly rent of $1,200. He is also seeking to rent another unit in the mixed use property located in Brooklyn, and contemplates returning to union work. The Debtor had originally retired to take care of his ailing spouse. Unfortunately, his spouse passed away a year ago, and the Debtor now intends to return to union work part time. The conversion is likely to be in the best interest of the creditors, as a work out will incorporate a reinstatement of the loans, and commencement of mortgage and loan payments.

7. Commercial loan workouts and loan modifications, in the instant case, would form a basis for a confirmable Chapter 11 Plan, as well as a payment plan to be proposed for the treatment of Department of Treasury claims. In sum, the loss mitigation on the primary residence would lower the monthly payments, and allow the loan to be reinstated, while the

additional rental income and possible union employment income, would assure timely workout payments.

8. For the foregoing reasons, it is unlikely that the conversion to Chapter 11 would result in a reconversion to chapter 7. Furthermore, the conversion is sought to further, not thwart the Congressional policy, and is certainly not abusive of the bankruptcy process.

9. Since this case can likely be more efficiently administered under chapter 11, the Debtor now requests that this Court enter an Order converting this chapter 7 case into one under chapter 11.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order converting the Debtor's chapter 7 case to a case under chapter 11, and for such other relief which the Court deems just and proper.

Dated: Brooklyn, New York
July 20, 2022

/s/Alla Kachan
Alla Kachan, Esq.
Law Offices of Alla Kachan
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                        Case No.: 22-41064-ESS

Armando Daccordo *aka Armando D'Accordo*,                     Chapter 7

                                 Debtor.
-----------------------------------------------------------X

## ORDER CONVERTING CASE TO CHAPTER 7

Upon the motion ("Motion") of Armando Daccordo by her attorney, Alla Kachan, Esq. of the Law Offices of Alla Kachan, P.C., seeking entry of an Order converting the Debtor's Chapter 7 case to one under Chapter 11, pursuant to 11 U. S. C. § 706(a) of the Bankruptcy Code; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C.§ 1408; and notice of the Motion and the proposed order appearing adequate and appropriate under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth therein establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Motion is granted to the extent that, pursuant to section 706(a) of the Bankruptcy Code, this chapter 7 case is hereby converted to a case under chapter 11 effective upon approval of the appointment of a chapter 11 trustee for the Debtor in accordance with Interim Fed. R. Bankr. P. 2007.1; and it is further.

**ORDERED** that the United States Trustee is hereby directed to appoint a chapter 11 trustee for the Debtor in accordance with Interim Fed. R. Bankr. P. 2007.1; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.